UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALTER HUGGINS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FEDERAL EXPRESS CORPORATION, )<br>BRADFORD HOLDING COMPANY, INC., )<br>d/b/a UNIQUE STAFFING, LTD., )<br>IRELAND LOGISTICS CORPORATION, )<br>TETON TRANSPORTATION, INC., )<br>and SWANSTON EQUIPMENT COMPANY, )<br>)<br>Defendants. ) | Case No. 4:06-CV-01283 SNL |

## **MEMORANDUM**

This matter is before the Court on Plaintiff's motions to compel (Doc. #36, filed Sep. 5, 2007; Doc. #55, filed Nov. 29, 2007) and Defendant's motion for a protective order (Doc. #50, filed Nov. 21, 2007). Upon due consideration of the parties' filings, Plaintiff's motions to compel (Docs. ##36 & 55) are **HEREBY GRANTED**. Defendant's motion for a protective order (Doc. #50) is **HEREBY DENIED**, as moot.

## *BACKGROUND*

In September of 2005, Plaintiff filed a petition in the Circuit Court of the City of Saint Louis, State of Missouri. Plaintiff was involved in a motor vehicle accident in Webster County, Missouri while acting in the scope of his employment with former Defendant Bradford Holding Company, Inc. ("Bradford"). Thereafter, Plaintiff filed a worker's compensation claim with the Texas Workers' Compensation Commission against Bradford and has received to date in excess of $70, 000.00 for his work-related injuries. Subsequent to his workers' compensation claim, and relevant here, Plaintiff brought suit against Defendants Ireland Logistics Corporation ("Ireland") and Federal Express Corporation ("FedEx")[FN1] alleging negligence, based on a theory

>**FN1**. "Federal Express Corporation" was the name used in Plaintiff's state court petition and by both sides during subsequent filings, to identify the instant defendant.

of vicarious liability. Plaintiff bases his claims on the alleged facts that Ireland and FedEx employed the driver ("Gutierrez"), who was operating the truck (in which Plaintiff was riding), and acting in the course and scope of his agency/employment, at the time of the accident.

Now before the Court, Plaintiff requests an order compelling FedEx to respond to his discovery requests;[FN2] while FedEx seeks an order of protection from the same.

## *LEGAL STANDARD*

The Federal Rules relating to discovery permit each party to serve the opposing party with document requests which relate to "any matter that may be inquired into under Rule 26(b)." FED R. CIV. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." *Id*. R. 34(b)(2)(B). If only part of the request is objectionable, the responding party must specify the part and permit inspection of the rest. *Id*. R. 34(b)(2)(C). Where a party fails to cooperate in discovery, the propounding party may motion the Court "for an order compelling an answer, designation, production, or inspection." *Id*. R. 37(a)(3)(B).

## *ANALYSIS*

The issue before the Court is not one uncommon. The Court acknowledges that parties to litigation would be much better off if they did not have to disclose certain evidence under their control. But alas, this is not the state of affairs intended by our adversarial system, nor is it amenable to our rules of discovery. The Court reminds the parties of the well-established principle:

> "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Thus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by overuse of discovery or unnecessary use of defensive weapons or evasive responses. All of this results in excessively costly and time-consuming activities that are disproportionate to the nature of the case, the amount involved, or the issues or values at stake. FED. R. CIV. P. 26 advisory committee note (1983) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

>> **FN2**. As of this moment, Ireland is no longer a party to this action. Therefore, Plaintiff's motion to compel, insofar as it relates to former Defendant Ireland, is **HEREBY DENIED**, as moot. If Plaintiff desires to discover certain evidence from non-parties, he must comply with the applicable Rules of Procedure. *See* FED. R. CIV. P. 34(c) & 45.

# I. Plaintiff's First Motion to Compel

In his first motion to compel (Doc. #36), Plaintiff avers that FedEx responded to his production requests with incomplete or evasive answers, and unfounded objections. Upon reviewing Plaintiff's requests and Defendant's responses thereto, the Court notes that Defendant objected to (or otherwise declined to answer) 16 of Plaintiff's 19 document requests. The Court undertakes to address FedEx's seemingly insurmountable claim of privilege under Rule 26.

### A. *Work-Product Doctrine*

First, FedEx objects to several of Plaintiff's requests on the basis that the sought-after documents are protected work-product.

The rules of discovery shield against the disclosure of documents prepared in anticipation of litigation by or for another party. FED. R. CIV. P. 26(b)(3)(A). To invoke the "work- product" doctrine, the party from whom discovery is sought must "(i) expressly make the claim [of privilege]; and (ii) describe the nature of the documents . . . not produced or disclosed-- and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *Id*. R. 26(b)(5). While work-product is broadly applied, it is a qualified privilege that may be overcome by a proper showing of *substantial need* and an *inability without undue hardship* to obtain the substantial equivalent by other means. *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 512-15 (D.Minn.1997) (quoting FED. R. CIV. P. 26(b)(3) advis. comm. n.).

Here, Plaintiff's requests and FedEx's respective objections were as follows:

REQUEST FOR PRODUCTION NO. 3
> Copies of any and all photographs taken of the vehicles involved in the accident in question.
>
> RESPONSE: Objection in that the request is not limited as to time or scope. Furthermore, the request may call for information which is privileged under the attorney work product doctrine.

First, FedEx's temporal objection is overruled. While it is well-established that discovery must be limited as to time, geography, and/or subject matter, Plaintiff's request is not overly broad. Plaintiff seeks photographs which depict the vehicles involved in the subject accident. Even assuming FedEx is being asked for photographs over the course of the vehicles' usable lives,

the Court finds Plaintiff's request manageable. Plaintiff says it well: "Are there hundreds or thousands of photographs within FedEx's possession, custody, or control?"

FedEx's second objection "*may*" be attorney work-product. Even assuming FedEx had demonstrated the basis for its privilege claim (which it has not), Plaintiff has sufficiently established "substantial need," e.g., inability to re-create the scene or otherwise access the subject photographs.

Accordingly, FedEx must produce copies of any and all photographs (if any) taken of the vehicles involved in the subject accident.

REQUEST FOR PRODUCTION NO. 8
> Any and all photographs taken of the scene of the accident.
>
> RESPONSE: Objection in that the request calls for information which is privileged under the attorney work product doctrine.

Here, Defendant alleges that the requested photographs were taken at the direction of an attorney and/or adjuster and are therefore protected work-product. Furthermore, Defendant urges that Plaintiff did not merely request photographs taken immediately following the accident, and any photographs taken in the subsequent days or weeks could just as easily have been obtained by Plaintiff. The Court finds that the photographs in question are likely protected work-product, however Plaintiff has demonstrated her need for, and inability to obtain, the photographs *immediately following the accident*.

Accordingly, FedEx must make available, for Plaintiff's inspection, copies of any and all photographs (if any) taken from the scene of the accident, *from the time of the accident up to and including seventy-two (72) hours thereafter*.

**B. *Relevancy***

In several instances, FedEx objected to Plaintiff's production requests on relevancy grounds.

Under the Federal Rules, a party may obtain discovery regarding any non-privileged matter, relevant to the party's claim or defense. FED. R. CIV. P. 26(b)(1). Discoverability will *not* turn on whether the subject evidence may be admissible at trial, so longs as "*the discovery appears reasonably calculated to lead to the discovery of admissible evidence.*" *Id*. (emphasis in original). Notwithstanding the liberal scope of discovery, "[s]ome threshold showing of relevance

4

must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *See Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380, 382 (8th Cir. 1992).

In opposition to the following requests, Defendant states that the subject documents are not relevant to, and/or will not lead to evidence relevant to, a claim for vicarious liability. Plaintiff responds that the requested information may be relevant to determine the possible causes of the accident, FedEx's notice of potentially dangerous conditions, etc. Here, FedEx keenly observes that it has not been imputed with direct negligence claims,[FN3] and therefore, Plaintiff's requests seek irrelevant evidence. The Court disagrees.

> REQUEST FOR PRODUCTION NO. 10
> Any documents that evidence any investigation or inquiry regarding the driving record or license of Defendant's driver.
>
> RESPONSE: Objection, requests documents irrelevant to the litigation at hand, and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant did not employ any driver involved in the incident in question.
>
> REQUEST FOR PRODUCTION NO. 12
> Any documents evidencing any drug testing for Defendant's driver from the time of hire to the present date.
>
> RESPONSE: Objection, requests documents irrelevant to the litigation at hand, and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant did not employ any driver involved in the incident in question.
>
> REQUEST FOR PRODUCTION NO. 13
> Any documents evidencing any motor vehicle accidents or collisions of any kind involving Defendant's driver from the time of hire to [the] present date.
>
> RESPONSE: Objection, requests documents irrelevant to the litigation at hand, and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant did not employ any driver involved in the incident in question.

---

> **FN3**. An employer may be held liable for its own negligence if it engages in negligent hiring, retention, and/or supervision of an employee. *Castillo v. Gared, Inc.*, 1 S.W.3d 781, 786 (Tex. App. 1999). "An employer owes a duty to its other employees and to the general public to ascertain the qualifications and competence of the employees it hires, especially when the employees are engaged in occupations that require skill or experience and that could be hazardous to the safety of others." *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex. App. 2002) *(citing Wise v. Complete Staffing Servs., Inc.*, 56 S.W.3d 900, 902 (Tex. App. 2001)).

> REQUEST FOR PRODUCTION NO. 14
>
> Any documents evidencing any procedures or criteria for [FedEx]'s hiring of drivers that were in effect at the time of the [i]ncident or during the time Defendant's driver was employed.
>
> RESPONSE: Objection, requests documents irrelevant to the litigation at hand, and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant did not employ any driver involved in the incident in question.
>
> REQUEST FOR PRODUCTION NO. 16
>
> All documents that show or relate to the damage to any of the vehicles involved in this case including, but not limited to, any estimates, bill appraisals, repair orders, work orders or the like for repair of the vehicle involved.
>
> RESPONSE: Objection, requests documents irrelevant to the litigation at hand, and is not reasonably calculated to lead to the discovery of admissible evidence.
>
> REQUEST FOR PRODUCTION NO. 17
>
> All documents regarding maintenance or repair work done on Defendant's vehicle within the two years prior to the collision in question.
>
> RESPONSE: Objection, requests documents irrelevant to the litigation at hand, and is not reasonably calculated to lead to the discovery of admissible evidence

First, FedEx's objection, that it "did not employ any driver involved in the incident," is overruled. The Rules state that documents "in the responding party's possession, custody, or control" must be produced. FED. R. CIV. P. 34(a)(1). "Control is defined broadly as the 'ability to obtain upon demand documents in the possession of another.' The party to whom the discovery is directed need not have legal ownership or actual physical possession, but rather a 'practical ability' to obtain the documents." *Orthoarm, Inc. v. Forestadent USA, Inc.*, No. 4:06-CV-730, 2007 WL 1796214, at *2 (D.Mo. June 19, 2007) (quoting *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D.Minn. 2000)).

Next, the Court finds each request relevant, or likely to lead to evidence relevant, to establish the alleged negligence of FedEx's employee-- an element Plaintiff must prove in his vicarious liability claim.[FN4] Moreover, Plaintiff's proffered reasoning is well-founded, e.g., that

> **FN4**. To state a claim for vicarious liability, such as the theory of *respondeat superior* for an employee/employer, it is unnecessary to prove the employer's direct negligence because an employer is responsible for the acts of its employees regardless of its own fault. *Bedford v. Moore*, 166 S.W.3d 454, 460 (Tex. App. 2005). However, the injured party is required to prove that the subject employee was (I) negligent, and (II) acting within the scope of his employment. *Bell v. VPSI, Inc.*, 205 S.W.3d 706, 713 (Tex. App. 2006) (citing *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 541-42 (Tex. 2002)).

the requested documents are relevant to assess the employee's driving skills, experience, and/or ability to operate/control a tractor-trailer; to determine the employee's capacity on the day of the accident; to gather physical facts relating to the accident; and to determine whether the employee was involved in prior accidents or had notice of existing dangerous conditions.

Upon review of Plaintiff's requests and FedEx's objections thereto, the Court finds sufficient relevancy as to each request. Accordingly, FedEx must produce, or make available for Plaintiff's inspection, the above-stated documents.

## II. Plaintiff's Second Motion to Compel

Following Plaintiff's fourth request for production, FedEx motioned the Court (Doc. #50) for an order to protect[FN5] against Plaintiff's repeated and/or subsequent discovery requests. Thereafter, Plaintiff filed his second motion to compel (Doc. #55). In his motion, Plaintiff urges the Court to order FedEx to produce the materials requested in his recent production request, in that FedEx's complete failure to formally respond to his fourth document request effectively waived any objections thereto.

### A. *Failure to Answer Plaintiff's Request for Production*

As stated above, the responding party must answer each document request separately and fully within 30 days of service. FED. R. CIV. P. 34(b)(2)(A)-(B). A party's failure to specifically object to each request will constitute waiver of the same. *Id*. R. 34(b)(2)(B).

While FedEx failed to file a formal response to Plaintiff's fourth document request, on November 21, 2007, FedEx filed its motion for protective order. This motion contained several arguments opposing Plaintiff's most recent document request. Specifically, FedEx states "Plaintiff's continued requests for information [and] [sic] documents which have previously been objected to, [and] information and documents which are wholly irrelevant to the litigation at hand, . . . create[] an undue burden and expense on Defendant FedEx []." Thereupon, FedEx

---

FN5. Under 26(c), a party from whom discovery is sought may move for a protective order to protect it from "annoyance, embarrassment, oppression, or undue burden or expense."

requests an order protecting it from Plaintiff's requests for, in relevant part: "(a) any settlement agreement entered into with other individuals or entities as a result of this incident; . . . (c) any information regarding estimates or repair bills concerning the tractors, trailers, and cargo involved in the incident; (d) any medical records information pertaining to anyone other than Plaintiff as such information is privileged; and (e) any information concerning the driving records, personnel file, hiring procedures or training of [Driver 1] . . ."

The Court must now resolve whether FedEx's failure to formally respond waived any potential objections to Plaintiff's document requests. While the Rules of Procedure do not furnish a bright line solution, the Rules' Committee Notes shed some light on the matter.

> [T]he party interrogated is given the right to invoke such protective orders under Rule 30(b) as are appropriate to the situation. . . . The party to be interrogated, however, may seek a protective order from the court under Rule 30(b) where the additional deposition or interrogation works a hardship or injustice on the party from whom it is sought. FED. R. CIV. P. 33 advis. comm. n (1946).
>
> Unless he applies for a protective order, he is required to serve answers or objections in response to the interrogatories... FED. R. CIV. P. 33(a) advis. comm. n (1970).
>
> Language is added to paragraph (1) of this subdivision to emphasize the duty of the responding party to provide full answers to the extent not objectionable. . . Similarly, the fact that additional time may be needed to respond to some questions (or to some aspects of questions) should not justify a delay in responding to those questions (or other aspects of questions) that can be answered within the prescribed time. FED. R. CIV. P. 33(b) advis. comm. n. (1993).

Upon review of the Rules and the accompanying Notes, FedEx's unilateral imposition of conditions upon propounded discovery was improper. *See Gray v. Faulkner*, 148 F.R.D. 220, 222 (D.Ind. 1992). While the Rules may permit a protective order in lieu of formal responses to individual discovery requests,[FN6] this alternative must conform with Rule 34's specialized requirements. To the extent possible, FedEx was required to produce the requested materials, and should only have sought the Court's limited protection against the disclosure of evidence irrelevant, privileged or otherwise undiscoverable. The latter method should not be used to prolong or encumber the discovery process.

> **FN6**. *See Gray*, 148 F.R.D. at 222 ("If a responding party believes that information sought by a discovery request is privileged or subject to some rule of confidentiality, the responding party must object and/or apply to the court for a protective order.").

See *New World Network Ltd. v. M/V NORWEGIAN SEA*, No. 05-22916-CIV, 2007 WL 1068124 (S.D.Fla. Apr. 6, 2007):

> Rather than stating their objections . . ., Defendants . . . [sought] immediate court intervention from "burdensome" or "irrelevant" discovery requests. Needless to say, if every federal litigant followed this approach the federal court system would grind to a halt, awash in countless protective order motions from every litigant in complex litigation aggrieved from "overbroad" or "duplicative" requests.
> . . .
> Indeed, Defendant may be right to object to some of the requests included in the Second Request. But that is what Rule 34 requires- specific responses and objections. This Defendant has not shown that it is entitled to any different treatment or is so burdened here by following this process that it should be absolved of the obligation of complying with Rule 34. Indeed, the motion could be translated fairly easily into a response to the specific requests. The Court is frankly confused as to why that traditional approach was not simply followed.
> . . .
> That is a right a party has under Rule 34. The pending Motion [for protective order] should not be a proper substitute for such a clear representation in a Rule 34 response. *Id*. at * 1, 5-6.

In ruling on Plaintiff's second motion to compel, the Court will give practical effect to FedEx's arguments, set forth in its motion for protective order. While the Court is troubled with FedEx's failure to formally respond to Plaintiff's production requests, and/or fully and specifically address its objections within the motion for protective order; in light of the parties' extensive filings and the fast-approaching trial date, the parties' need to resume discovery shall take precedent.

### B. *Plaintiff's Production Requests*

In his fourth production request, Plaintiff sought the following:

REQUEST FOR PRODUCTION NO. 1
All documents in the possession, custody or control of FedEx (including any agent, representative or insurer of FedEx) received from Tony Johnston (or any attorney or representative of Tony Johnston) relating in any way to the [i]ncident. This Request necessarily includes all documents and things submitted for Tony Johnston's personal injury claim from the [i]ncident, and any settlement of such claim.

REQUEST FOR PRODUCTION NO. 2
All documents in the possession, custody or control of FedEx (including any agent, representative or insurer of FedEx), not produced in response to the previous request, sent to a third party or received from a third party (i.e. no privilege relationship) relating to Tony Johnston's personal injury claim from the [i]ncident, and any settlement of such claim.

9

REQUEST FOR PRODUCTION NO. 3
   All documents in the possession, custody or control of FedEx (including any agent, representative or insurer of FedEx) received from Baja Marine Corp. (or any agent, insurer or attorney for Baja Marine Corp., or any of their affiliates) relating in any way to the [i]ncident. This Request necessarily includes all documents and things submitted for a claim for damage to the boats that were being hauled on the Teton trailer at the time of the [i]ncident, and any settlement of such claim.

REQUEST FOR PRODUCTION NO. 4
   All documents in the possession, custody or control of FedEx (including any agent, representative or insurer of FedEx), not produced in response to the previous request, sent to a third party or received from a third party (i.e. no privilege relationship) relating to any claim for damage to the boats that were being hauled on the Teton trailer at the time of the [i]ncident, and any settlement of such claim.

REQUEST FOR PRODUCTION NO. 5
   All documents in the possession, custody or control of FedEx (including any agent, representative or insurer of FedEx), sent to a third party or received from a third party (i.e. no privilege relationship) that relate to any claim of damage to the Teton trailer involved in the [i]ncident, and any settlement of such claim.

REQUEST FOR PRODUCTION NO. 6
   All documents in the possession, custody or control of FedEx (including any agent, representative or insurer of FedEx) sent to a third party or received from a third party (i.e. no privilege relationship) that relate to any claim for damage to the tractor driven by Esteban Gutierrez in the [i]ncident, the trailer attached thereto, and any settlement of such claim.

REQUEST FOR PRODUCTION NO. 7
   All documents . . . that evidence any damage sustained in the [i]ncident to any vehicle, tractor, boat or other inanimate object.

FedEx appears to object to requests 1 and 2 in that they call for (i) privileged/ confidential medical records, and (ii) irrelevant documents.

First, Plaintiff's request expressly limits its scope to non-privileged materials. Furthermore, the parties' emails illustrate that Plaintiff clarified that his requests were exclusive of any privileged and/or confidential medical records.

Next, Defendant posits that documents are not sufficiently relevant, if only to show "how the wreck happened, repair bills, estimates and settlements on property damages, and photographs of the vehicles and the scene." The Court disagrees. This case involves an auto accident that was allegedly caused by the negligence of the involved drivers. To determine (among other things) how the accident was caused, and which of (and to what degree) the respective drivers were negligent, Plaintiff must be made privy to the surrounding facts. These facts, to some extent, may

10

only be gathered from those individuals/entities intimately involved with the accident, i.e. the drivers and their respective employers.

In his discovery requests relating to driver, Tony Johnston, Plaintiff hopes to determine the liability and damages of this case by reviewing the parties' settlement agreement. The Court finds such evidence to be highly relevant to Plaintiff's claim and FedEx's defense, regardless of admissibility.

Accordingly, there is no good cause for the Court's protection, and Defendant must produce the documents sought in requests 1 and 2, *exclusive of* Mr. Johnston's privileged/ confidential medical records.

FedEx generally opposes the remaining requests, 3-7, on relevancy grounds. For the above-stated reasons, i.e. to establish causation, drivers' negligence, surrounding facts, etc., the Court finds each of Plaintiff's requests relevant and proper. Accordingly, FedEx is ordered to produce the requested documents.

## *CONCLUSION*

On occasion, litigants properly resist one another's attempts to "roam in the shadow zones of relevancy and to explore matter[s] which do[] not presently appear germane."[FN7] Today, however, the parties' dealings depicted "a scorched earth battlefield upon which the rights of the litigants and the efficiency of the justice system [was] sacrificed to [the] mindless overzealous representation of plaintiffs and defendants..."[FN8]

In accordance with the above analysis, Plaintiff's motions to compel (Docs. ## 36 & 55) are **HEREBY GRANTED**. Defendant's motion for protective order (Doc. #50) is **HEREBY DENIED**, as moot.

Dated this 15th day of February, 2008.

                                                                                  */s/ Stephen N. Limbaugh*
                                                                             **SENIOR UNITED STATES DISTRICT JUDGE**

---

**FN7**. *Onwuka*, 178 F.R.D. at 516 (quoting *Carlson Cos., Inc. v. Sperry & Hutchinson Co.*, 374 F.Supp. 1080, 1089 (D.Minn.1974)).

**FN8**. *Ford Motor Company v. Messina,* 71 S.W.3d 602, 606 (Mo. 2002).