UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALTER HUGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06-CV-01283 SNL |
| ) | |
| FEDERAL EXPRESS CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM

This matter comes before the Court on Defendant's motion for summary judgment (Doc. #51, filed Nov. 21, 2007), filed by Teton Transportation, Inc. ("Teton").

### *LEGAL STANDARD*

Although summary judgment motions may be viewed as tools of "great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact," *Mt. Pleasant v. Associated Elec. Coop. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988); courts have repeatedly recognized the severity of summary judgment as a remedy, to be granted only in cases where the movant establishes his right to judgment with such clarity so as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th Cir. 1977); *Robert Johnson Grain Co. v. Chemical Interchange Co.*, 541 F.2d 207, 209 (8th Cir. 1976).

In passing on a motion for summary judgment, the court should review all facts supported by the record, and any logical inferences arising therefrom, in the light most favorable to the nonmoving party. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). *See also*, *e.g.*, FED. R. CIV. P. 56(e) (2007); *Robert Johnson Grain Co.*, 541 F.2d at 210 (conflicts of evidence must be construed in favor of non-movant). In that way, summary judgment should not be granted "unless all the evidence points one way and is susceptible to no reasonable inferences sustaining the position of the nonmoving party." *Hindman v. Transkrit Corp.*, 145 F.3d. 986, 990 (8th Cir. 1998); *see also Mayer v. Nextel West Corp.*, 318 F.3d. 803, 806 (8th Cir. 2003) (citing *Keathley v. Ameritech Corp.*, 187 F.3d. 915, 919 (8th Cir. 1999)).

## BACKGROUND

On March 23, 2003, Plaintiff was involved in a motor vehicle accident in Webster County, Missouri. At the time of the collision, Plaintiff was a passenger traveling west on Missouri Interstate 44, in a tractor-trailer bearing Federal Express Corporation ("FedEx") insignia. Prior to the collision, the FedEx trailer, operated by Esteban Gutierrez; and a second trailer, operated by a Teton employee ("Johnson"); were driving in close proximity for a number of miles. During all *relevant* times, Johnson maintained the speed of the Teton trailer at approximately 70 miles per hour, in accordance with posted speed limits. In contrast, the FedEx truck gained and/or lost momentum as it descended and/or ascended hills. Therefore, while they preserved their relatively close range and speeds, the trucks essentially took turns passing one another. It is further uncontroverted that Johnson was unworried about the trailers' distances as between one another because the FedEx trailer "wasn't staying on [his] tail."

Moments before the collision, the Teton trailer was positioned a short distance ahead of the FedEx trailer, and traveled at approximately 70 miles per hour. Upon topping a hill, Johnson noticed a sign approximately one hundred and fifty (150) feet ahead which read "Left Lane Closed Ahead." Upon viewing the sign, Johnson immediately tapped his brakes,[FN1] marginally decreasing his speed. As the line of traffic ahead hurriedly slackened its speed and merged into the right lane, Johnson activated his hazard lights and applied his brakes, reducing his speed to approximately 35 miles per hour. All at once, traffic stopped, and Johnson sharply and forcibly applied his brakes– stopping approximately ten feet short of the forward vehicle. Moments later, the FedEx trailer, presumably unable to stop, collided with the Teton trailer.[FN2]

> **FN1**. Johnson testified that when he tapped his brakes, the FedEx trailer was approximately two truck lengths behind him.
>
> **FN2**. In opposition to Johnson's version of the facts, Plaintiff offers the affidavit of Gutierrez. In his affidavit, Gutierrez states that, "[i]mmediately prior to the accident, the Teton truck increased its speed and cut in front of me to allow faster moving vehicles to pass... As the cars entered the right lane, the driver of the Teton truck slammed on his brakes to bring his car to a stop. Because the Teton truck suddenly moved in front of me, there was not proper travel distance between [] my truck and the Teton truck."
>   In relevant part, Gutierrez's affidavit supports the contention that Johnson's conduct caused an improper distance between the trailers– relevant to the issue of Teton's causation. While acknowledging the potential significance of Gutierrez's testimony, particularly in light of the fact that he appears to be the only informed

witness to the collision (aside from Johnson), the Court declines to consider it for purposes of the instant motion.

The parties were required to conduct timely discovery and correspondingly assess the fitness of dispositive motions no later than November 30, 2007 and December 8, 2007, respectively. *C.f.* Doc. #23, filed Mar. 2, 2007. It appears that Plaintiff opted against timely interviewing, deposing, and/or securing the affidavit of, Gutierrez. Thereupon, Plaintiff shall not be permitted to take unfair advantage of the presumably accessible, subject evidence-- presented by FedEx after the close of discovery. *Compare* FED. R. CIV. P. 56(f) (When affidavits are unavailable, a non-moving party may ask the Court to deny and/or continue proceedings for summary judgment.). Accordingly, Plaintiff's motion for leave to supplement the record (Doc. #76, filed Jan. 4, 2008) shall be denied.

## *ANALYSIS*

Teton moves for summary judgment in that Plaintiff has failed to adequately prove an essential element of his negligence claim, i.e. causation. For the reasons stated herewith, the Court shall grant Teton's motion.

Plaintiff's complaint sets forth, in relevant part:

Johnson was careless, reckless, negligent, failed to drive in a careful and prudent manner, and failed to exercise the highest degree of care at the time and place of the collision in the following respects, to-wit:
    a. Negligently and careless operating the tractor-trailer at a rate of speed which was high, dangerous and excessive under the conditions then and there existing;
    b. Failing to maintain a proper lookout and failing to pay proper attention to the operation or progress of the maintenance truck operated [by] the Swanston truck driver;
    c. Failing to take proper evasive action and failing to swerve, immediately slacken speed, sound his horn, or take other precautions to avoid the collision;
    d. Failing to take other measures to prevent the collision when Johnson knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision if he failed to yield to traffic ahead and failed to change lanes in order to provide Swanston's driver a safe area to complete his movement onto the highway.

To state a claim for negligence, Plaintiff must prove that Teton's alleged breach "was the cause in fact and the proximate cause of his death." *Heffernan v. Reinhold*, 73 S.W.3d 659, 664 (Mo. Ct. App. 2002) (citing *Finocchio v. Mahler*, 37 S.W.3d 300, 302 (Mo. Ct. App. 2000)). Causation in fact occurs where Plaintiff's injuries "would not have occurred 'but for' [Teton's] conduct." *Heffernan*, 73 S.W.3d at 664 (citing *Robinson v. Missouri State Highway and Transp. Com'n*, 24 S.W.3d 67, 77 (Mo. Ct. App. 2000)). Once the "but for" element has been established, Plaintiff must further show that Teton's breach was not so far removed from the ultimate injury or damage so as to make his liability unreasonable, i.e. that its negligence was

3

" 'that cause or act of which the injury was the natural and probable consequence.' " *Heffernan*, 73 S.W.3d at 664-65 (citing *Robinson*, 24 S.W.3d at 77-78, *and* quoting *Williams v. Missouri Highway and Transp. Com'n*, 16 S.W.3d 605, 611 (Mo. Ct. App. 2000)).

In support of its motion, Teton cites the following Missouri supreme court cases.

In *Branstetter v. Gerdeman*, 274 S.W.2d 240 (Mo. 1955), it appears as though three drivers were operating their respective vehicles in a single lane of traffic. *Id*. at 241. A collision occurred when the trailing vehicle (operated by "driver 3") struck that immediately preceding (operated by "driver 2"), which in turn struck the head vehicle (operated by "driver 1") in which plaintiff was a passenger. *Id*.

The reviewing court noted that, just before the collision, (i) driver 1 "noticed braking signal lights come on ahead," and immediately applied his brakes, stopping (or slowing down) before reaching the preceding vehicle, *id*. at 243; (ii) driver 2 consequently applied his brakes, and was able to stop his vehicle, albeit inches away from driver 1's, *id*. at 243-44; and (iii) nonetheless, driver 3 caused impact, *id*. at 241. Although the record evidenced that drivers 1 and 2 could have provided additional warning notifying of their intent to slow and/or stop, driver 3's inability to heed the same dispelled any purported liability stemming therefrom. *Id*. at 241-46. Therefore, the court found that drivers 1 and 2 stopped and/or slowed their vehicles due to heavy traffic, provided adequate warning of their intention to slacken and/or arrest their speed, and each stopped and/or slowed without impact or incident. *Id*. Accordingly, the conduct of driver 1 was held "too remote to be causative in a legal sense and to impose liability." *Id*. at 246. Similarly, in *Butcher v. Main*, 371 S.W.2d 203 (Mo. 1963), plaintiff and three defendants were each operating their automobiles in a single lane. *Id*. at 204. A collision occurred when the driver of the first vehicle ("driver 1") came to a sudden stop and was struck by the second automobile (operated by "driver 2"). *Id*. Plaintiff operated the third vehicle in the line and was able to stop her vehicle before reaching the accident. *Id*. Nevertheless, the vehicle trailing plaintiff's (operated by "driver 4") struck the latter. *Id*.

The *Butcher* court upheld the directed verdict entered in favor of drivers 1 and 2, reasoning that plaintiff was able to slacken her speed " 'in a gradual and normal manner for the purpose of bringing her automobile to a stop behind the two aforesaid automobiles...' " and that thereafter " ' plaintiff's automobile was struck at the rear...' " 371 S.W.2d at 207. "Since plaintiff was able to bring her car to a gradual normal stop without colliding with the car ahead, it is

4

obvious that the efficient, intervening cause and the proximate cause of plaintiff's injuries is the fact that [driver 4's] car collided with the rear end of plaintiff's car." *Id*.

Applied to the case at bar, the Court finds insufficient evidence to support a finding that the injuries allegedly effected by Johnson's conduct are "reasonable and probable." In contrast, the record supports that (i) Johnson operated his trailer at a lawful speed; (ii) was caused to reduce his speed and/or stop due to impending traffic and/or the alleged actions of other defendants not relevant here; (iii) gave immediate warning of his intention to slacken and/or arrest his speed; and (iv) caused his vehicle to be stopped without impact or incident.

Moreover, Plaintiff has presented no evidence that would suggest that a reasonable person would have engaged in a safer alternative under the same circumstances, or that Johnson somehow reasonably contributed to Gutierrez's inability to stop the FedEx trailer. *But see supra* note 2. The mere fact that, at the time of the collision, the Teton trailer was positioned anterior to the FedEx trailer is insufficient to establish Teton's liability. *See Robinson*, 24 S.W.3d at 77-78 (defendant must have known that " 'there was an appreciable chance some injury would result.' ") (citing *Jones*, 983 S.W.2d at 168). *See also Branstetter*, 274 S.W.2d at 246.

Accordingly, Plaintiff's claim alleging negligence, based on a theory of vicarious liability, as against Defendant Teton shall be dismissed.

**A**n Order in accordance with this Memorandum shall be forthcoming.

**D**ated this 16th day of April, 2008.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

RE:

Case #

Dear :

&lt;enter text here&gt;

Sincerely,

JAMES G. WOODWARD, CLERK

By: _____

    khollenb

    Deputy Clerk

Enclosure(s)