UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALTER HUGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06-CV-01283 SNL |
| | ) |
| FEDERAL EXPRESS CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

This matter comes before the Court on Defendant's motion for summary judgment (Doc. #57, filed Dec. 6, 2007), filed by Swanston Equipment Company ("Swanston"). As more fully set forth herein, this Court denied the instant motion (Doc. #127, filed May 7, 2008) in that there remains a genuine issue of material fact as to whether Swanston's employee negligently operated his vehicle prior to the subject collision.

### *LEGAL STANDARD*

Although summary judgment motions may be viewed as tools of "great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact," *Mt. Pleasant v. Associated Elec. Coop. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988); courts have repeatedly recognized the severity of summary judgment as a remedy, to be granted only in cases where the movant establishes his right to judgment with such clarity so as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th Cir. 1977); *Robert Johnson Grain Co. v. Chemical Interchange Co.*, 541 F.2d 207, 209 (8th Cir. 1976).

In passing on a motion for summary judgment, the court should review all facts supported by the record, and any logical inferences arising therefrom, in the light most favorable to the nonmoving party. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). *See also*, *e.g.*, FED. R. CIV. P. 56(e) (2007); *Robert Johnson Grain Co.*, 541 F.2d at 210 (conflicts of evidence must be construed in favor of non-movant). In that way, summary judgment should not be granted "unless all the evidence points one way and is susceptible to no reasonable inferences sustaining the position of the nonmoving party." *Hindman v. Transkrit Corp.*, 145 F.3d. 986, 990 (8th Cir.

1998); *see also Mayer v. Nextel West Corp.*, 318 F.3d. 803, 806 (8th Cir. 2003) (citing *Keathley v. Ameritech Corp.*, 187 F.3d. 915, 919 (8th Cir. 1999)).

## *BACKGROUND*

On March 23, 2003, Plaintiff was involved in a motor vehicle accident in Webster County, Missouri. At the time of the collision, Plaintiff was a passenger traveling west on Missouri Interstate 44, in a tractor-trailer bearing Federal Express Corporation ("FedEx") insignia. Prior to the collision, the FedEx trailer, operated by Esteban Gutierrez; and a second trailer, operated by an employee of former Defendant Teton Transportation, Inc. ("Teton"); were driving in close proximity for a number of miles. Moments before the collision, the Teton trailer was positioned a short distance ahead of the FedEx trailer, and traveled at approximately 70 miles per hour. Upon topping a hill, the Teton driver, Tony Johnston, noticed a truck owned by Defendant Swanston, bearing a sign which indicated that the left lane was closed ahead. It appears that the Swanston truck was located on the left shoulder of Interstate 44 in such a way that "the right corner of the vehicle" may have made it difficult for vehicles, traveling in the left lane, to avoid the same. Furthermore, as vehicles traveling in the left lane approached and passed the Swanston truck, they hurriedly slackened their speed and attempted to merge into the right lane.

At some point prior or subsequent to reaching the Swanston truck, Johnston brought his vehicle to a halt in an attempt to stop short of the forward line of traffic. At the same time, Gutierrez, presumably unable to stop, crashed into Johnston's trailer. As a passenger in the trailer operated by Gutierrez, Plaintiff suffered injuries from the crash, and asserts the instant action against Swanston for the alleged negligence of its driver, William Siry.

## *ANALYSIS*

In its motion before the Court, Swanston seeks summary judgment on Plaintiff's claim for failure to adequately prove the causation element of his negligence claim.

Plaintiff's complaint sets forth, in relevant part:

> The driver of the Swanston maintenance truck was careless, reckless, negligent, failed to drive in a careful and prudent manner, and failed to exercise the highest degree of care at the time and place of the collision in the following respects, to-wit:
> a. Failing to yield to traffic on the highway;
> b. Failing to maintain a proper lookout;

      c. Failing to follow the rules of the road, in violation of § 304.015.5(1) of the Missouri Revised Statutes, by moving from the shoulder onto the highway, without first ascertaining the movement could be made safely.

To state a claim for negligence, Plaintiff must prove that Swanston's alleged breach "was the cause in fact and the proximate cause of his death." *Heffernan v. Reinhold*, 73 S.W.3d 659, 664 (Mo. Ct. App. 2002) (citing *Finocchio v. Mahler*, 37 S.W.3d 300, 302 (Mo. Ct. App. 2000)). Causation in fact occurs where Plaintiff's injuries "would not have occurred 'but for' [Teton's] conduct." *Heffernan*, 73 S.W.3d at 664 (citing *Robinson v. Missouri State Highway and Transp. Com'n*, 24 S.W.3d 67, 77 (Mo. Ct. App. 2000)). Once the "but for" element has been established, Plaintiff must further show that Swanston's breach was not so far removed from the ultimate injury or damage so as to make his liability unreasonable, i.e. that its negligence was " 'that cause or act of which the injury was the natural and probable consequence.' " *Heffernan*, 73 S.W.3d at 664-65 (citing *Robinson*, 24 S.W.3d at 77-78, *and* quoting *Williams v. Missouri Highway and Transp. Com'n*, 16 S.W.3d 605, 611 (Mo. Ct. App. 2000)).

In support of its motion, Swanston offers the deposition testimony of its employee, William Siry. Siry testified that, prior to the collision, he had entered and parked his truck on the left shoulder of Highway 44. This testimony, indicating that Siry's truck tires were parked inside the line dividing the left shoulder from the highway, conflicts with the testimony given by Johnston, wherein Johnston states:

> [The Swanston truck] was on the shoulder where the wheels– the back– the right corner of the vehicle, kind of close to the white line, where it was not all the way out onto the lane, but it was like right there on the edge where you could have passed it and stayed in your lane, but it would have been– you know, but, I mean, it was close. It was on the shoulder.

Johnston further indicated that the Swanston truck's tires, while primarily on the shoulder, were *touching* the roadway. Additionally, Johnston's uncontroverted testimony illustrates that the Swanston truck was parked on the "crown" of a hill, and he was therefore unable to see the Swanston truck (and therefore did not apply his brakes) until he was approximately two truck lengths (or one hundred fifty feet) away.

Upon review of the record, the Court finds sufficient evidence to support a finding that the injuries allegedly effected by Siry's conduct are "reasonable and probable." Moreover, the existence of proximate causation will not be resolved until the jury determines whether Siry

operated the Swanston truck in a manner so as to (i) obstruct traffic and/or (ii) provide insufficient notice regarding the lane closure.

Accordingly, Plaintiff's claim alleging negligence, based on a theory of vicarious liability, as against Defendant Swanston shall proceed to trial.

**D**ated this 8th day of May, 2008.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**