UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALTER HUGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06-CV-01283 SNL |
| ) | |
| FEDERAL EXPRESS CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

This matter comes before the Court on Defendant's motion for summary judgment (Doc. #60, filed Dec. 7, 2007), filed by Federal Express Corporation ("FedEx"). As more fully set forth herein, this Court granted the instant motion (Doc. #127, filed May 7, 2008) in that Plaintiff failed to adduce sufficient evidence in order to prevail on its claim for vicarious liability.

### *EVIDENTIARY MATTERS*

At the summary judgment stage, "the Court may consider only admissible evidence, and must disregard portions of declarations that were made without personal knowledge, consist of hearsay, or purport to state legal conclusions as fact." *Woods v. Wills*, 400 F.Supp.2d 1145, 1162 (D.Mo. 2005). In support of their respective briefs, the parties offer a host of documents and out-of-court testimony for the Court's consideration. The Court deals with each in turn.

**I. Documents**

As a threshold matter, documents offered in support of, or in opposition to, a motion for summary judgment must be properly authenticated. FED. R. CIV. P. 56(e)(1). Specifically, unless the parties stipulate as to the documents' contents and authenticity, FED. R. EVID. 1007; documents must meet a two-prong test: (1) they must be attached to and authenticated by an affidavit (or a sworn or certified copy must be attached to or served with the affidavit); and (2) the affiant must be a competent witness through whom the documents may be received into evidence at trial. *Cordray v. 135-80 Travel Plaza, Inc.*, 356 F.Supp.2d 1011, 1015 (D.Neb. 2005); *Stuart v. General Motors Corp.,* 217 F.3d 621, 636 n. 20 (8th Cir. 2000); FED. R. CIV. P. 56(e). *See also* 11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 56.14(2)(c) (3d ed.

1997) ("Unauthenticated documents, once challenged, cannot be considered by a court in determining a summary judgment motion."). Regardless of the documents' essential nature or probative value; without proper foundation, they will not be permitted for purposes of summary judgment. *Cordray*, 356 F.Supp.2d at 1015.

Here, while the Court is troubled by the parties' blatant disregard for certifying and/or authenticating their submitted documents; where the parties' deposition testimony and or joint stipulation adequately establishes their respective authenticity, the Court shall receive the same.

### Parties' Testimony

Next, in considering the parties' testimony, the Court is limited to those statements of facts which are made with personal knowledge. FED. R. CIV. P. 56(e)(1). Accordingly, the Court shall not consider any statements which constitute personal opinion, hearsay, and/or legal conclusions.

With these principles in mind, the Court turns to a recitation of the facts before it.

## *BACKGROUND*

On March 23, 2003, Plaintiff was involved in a motor vehicle accident in Webster County, Missouri. At the time of the collision, Plaintiff was a passenger traveling west on Missouri Interstate 44, in a tractor-trailer bearing Federal Express Corporation ("FedEx") insignia, and operated by Esteban Gutierrez. It is uncontroverted that, during the events leading up to the subject collision, Plaintiff was employed by both ANI Logistics ("ANI") and FedEx. Plaintiff alleges that Gutierrez was also employed by both ANI and FedEx; however, the record solely supports the former. Notwithstanding, Plaintiff claims that, at the time of the collision, Gutierrez was controlled and/or directed by, and therefore acting within the scope of his employment with, FedEx. On that basis, Plaintiff states a cause of action against FedEx for the alleged negligence of its employee (Gutierrez), based on a theory of vicarious liability.

*ANALYSIS*

FedEx moves for summary judgment in that Plaintiff has failed to establish the existence of an agency relation as between FedEx and Gutierrez. The Court agrees.

An employer may be held vicariously liable for the negligent acts and/or omissions of its employees. A party seeking to establish such liability is required to prove the existence of a master-servant (i.e. agency) relationship. *Lee v. Pulitzer Pub. Co.*, 81 S.W.3d 625, 631 (Mo. Ct. App. 2002) (citing *Hougland v. Pulitzer Pub. Co.*, 939 S.W.2d 31, 33 (Mo. Ct. App. 1997)). A master-servant relationship may be said to exist where "the person sought to be charged as a master had the right or power to control and direct the physical conduct of the other in the performance of the act." *Lee*, 81 S.W.3d at 631 (citing *Studebaker v. Nettie's Flower Garden, Inc.*, 842 S.W.2d 227, 229 (Mo. Ct. App. 1992)). "If there is no right to control, there is no liability; those rendering services but retaining control over their own movements are not servants." *Id*.

In support of its motion, FedEx states it contracted with ANI (as contractor) to receive certain shipping and tractor-leasing services. This agreement set forth that all operators so employed by ANI to fulfill ANI's contractual obligations would be under the sole control and direction of the same. In light of (i) the foregoing contract and (ii) Gutierrez's employment with ANI, Plaintiff must prove that Gutierrez was acting within the scope of his employment *with FedEx* during the events in controversy.

   **i. the Contractor Agreement**

In support of its motion, FedEx offers the "Linehaul Contractor Operating Agreement." While the subject Agreement is offered without authentication; it has been produced by both parties during their respective briefing, and its authenticity has not been disputed by either Accordingly, the Court shall receive and consider the same.

In turning to the Agreement, ANI (as "Contractor") contracted to provide shipping and leasing services to FedEx pursuant to the following provisions, *inter alia*:

> Both [FedEx] and Contractor intend that Contractor will provide these services strictly as an independent contractor, and not as an employee of [FedEx] for any purpose. (Agreement at 1.)
>
> Contractor agrees to direct the operation of the Equipment and to determine the methods, manner and means of performing the obligations specified in the Agreement.. (*Id*. at 4 § 1.4.)

Furthermore, while the Agreement defined certain requirements regarding standards of service/performance (*id*. at 8-10 § 1.11); operator appearance (*id*. at 10-11 §1.12); customer service (*id*. at 11 §1.13); safety/conduct (*id*. at 11-18 §1.14); ANI was responsible to exercise sole discretion in determining the means and methods in which to carry out the foregoing objectives. Specifically, the Agreement set forth:

> "...Contractor shall be responsible for exercising independent discretion and judgment to achieve the business objectives and results specified above, and no officer, agent or employee of [FedEx] shall have the authority to direct Contractor as to the manner or means employed to achieve such objectives and results. For example, no officer, agent or employee of [FedEx] shall have the authority to prescribe hours of work, whether or when the Contractor is to take breaks, what route the Contractor is to follow, or other details of performance." (*Id*. at 19 §1.15.)

The Agreement further provided that ANI could employ certain persons, but that such persons "shall *not* be considered the employees of [FedEx]." In that way, Contractor would (i) bear all expenses associated with qualifying such persons to conform to the contractual requirements, (ii) compensate and pay taxes for such persons, (iii) maintain workers' compensation insurance on behalf of such persons, and (iv) indemnify FedEx for any claims arising from Contractor's relationship with its employees. (*Id*. at 19-21 §2.2, 30 §3.6.)

Upon review of the matter, the Court finds that the parties' contract expressly stated that ANI and its employees are independent contractors. Furthermore, while the Agreement delineated certain requirements and results for ANI's operators, it "clearly and specifically le[ft] the means and methods for accomplishing [those] results to [ANI]." *See Skidmore v. Haggard*, 341 Mo. 837, 846 (Mo. 1937); *accord, e.g.*, *Lee*, 81 S.W.3d at 634; *Hougland*, 939 S.W.2d at 35. Lastly, it imposed all employer-related costs and burdens upon ANI.[FN1] Accordingly, the parties' Agreement "unquestionably create[s] an independent contractor [sic] relation unless changed, directly or by implication, by some other part or by the effect of the contract as a whole." *Skidmore*, 341 Mo. at 847.

> **FN1**. Here, the Court acknowledges FedEx's shared obligation to procure liability insurance under the Agreement. Specifically, ANI was obligated to insure against bodily injury and/or property damage arising from the operation of equipment *without packages*; while FedEx was obligated to insure against damage arising from the operation of equipment *when any package is on board*. Plaintiff has failed to offer any evidence indicating that a package was on board the FedEx trailer at the time of the collision; therefore, the Court declines to afford this single factor undue significance. Taken as a

4

whole, the Agreement was intended, *inter alia*, to disclaim an employment relationship as between ANI's employees and FedEx.

### ii. The Agency Relation

While Plaintiff purports to categorize Gutierrez's relationship with FedEx as one of agency, the Court must consider several facts and circumstances to assess FedEx's right to control. *Lee*, 81 S.W.3d at 631 (citing *Studebaker*, 842 S.W.2d at 229). Missouri Courts consider the factors set forth in the RESTATEMENT (SECOND) OF AGENCY § 220(2) (1958), as follows:

> (a) the extent of control which, by the agreement, the master may exercise over the details of the work;
>
> (b) whether or not the one employed is engaged in a distinct occupation or business;
>
> (c) the kind of occupation with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
>
> (d) the skill required in the particular occupation;
>
> (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
>
> (f) the length of time for which the person is employed;
>
> (g) the method of payment, whether by the time or by the job;
>
> (h) whether or not the work is a part of the regular business of the employer;
>
> (i) whether or not the parties believe they are creating the relationship of master and servant; and
>
> (j) whether the principal is or is not in business. *Lee*, 81 S.W.3d at 631 (citing *Skidmore*, 341 Mo. at 845, *Keller v. Missouri Baptist Hosp.*, 800 S.W.2d 35, 38 (Mo. Ct. App. 1990), *and Ferguson v. Pony Exp. Courier Corp.*, 898 S.W.2d 128, 132 (Mo. Ct. App. 1995)).

Based upon the record before it, the Court agrees with FedEx in that Plaintiff has failed to adequately establish the existence of an agency relation. To wit, the parties' Agreement expressly disclaims an agency as between FedEx and ANI's employees (*see supra*). Furthermore, the declaration of Jon Ireland, President of ANI, demonstrates that Gutierrez was employed by ANI during the relevant period.

In opposition to FedEx's motion, Plaintiff urges both he and Gutierrez were employed by ANI and FedEx; and that during the subject trip, Gutierrez was acting within the scope of his employment with FedEx. However, while Plaintiff states that he and Gutierrez were a driving team and describes *his* employment relationship with FedEx; Plaintiff fails to present *admissible*

5

evidence regarding *Gutierrez's* purported employment/agency with FedEx.  Specifically, Plaintiff states that FedEx controlled all aspects of the subject trip in that he was controlled, directed and/or instructed by FedEx through its dispatcher, employees and/or trip itineraries.  Plaintiff further states that he submitted to a series of drug, strength, and/or background checks before gaining employment with FedEx; and that during orientation, he participated in training/instruction on FedEx's rules, guidelines, and procedures.  FedEx further provided him with uniforms, name badges, paychecks, etc.; and "instructed and directed [him] where to go, when to fuel, when to leave, when to return, which whom [he] would be driving, and all other details of [his] trips transporting FedEx packages."

While Plaintiff may have adduced sufficient evidence regarding his own relationship with FedEx during the disputed events, he has not done so with regard to Gutierrez.  Here, Plaintiff's failure to solicit and/or otherwise discover the testimony of Gutierrez, Jon Ireland, and/or any FedEx corporate representative, further barricades this Court from potential evidence.  In the absence of proof; the Court must grant the instant motion.  ("If there is no right to control, the person contracted to perform the work is an independent contractor," and an agency relation may not be said to exist.  *See Lee*, 81 S.W.3d at 631 (citing *Hougland,* 939 S.W.2d at 33).

For the above stated-reasons, this Court granted FedEx's motion for summary judgment (Doc. #127).

**D**ated this 9th day of May, 2008.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**