IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALTER HUGGINS, ) | |
| ) | |
| Plaintiff, ) | Cause No. 4:06-cv-01283SNLJ |
| ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| FEDEX GROUND PACKAGE ) | JURY TRIAL DEMANDED |
| SYSTEM, INC., and SWANSTON ) | |
| EQUIPMENT COMPANY, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff Walter Huggins, by and through his attorneys of record, and for his First Amended Complaint against Defendants FedEx Ground Package System, Inc. and Swanston Equipment Company, respectfully states:

**I.
Parties**

1.   Plaintiff Walter Huggins ("Huggins") was a Texas resident, residing at 525 Westchester, Grand Prairie, Texas 75052 when this action was filed.

2.   Defendant FedEx Ground Package System, Inc. ("FedEx") is a Delaware corporation and has made an appearance in this matter.

3.   Defendant Swanston Equipment Company ("Swanston") is a North Dakota corporation, for which a waiver of service of summons is being requested.

PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 1

## II.
## Jurisdiction and Venue

4.  On August 24, 2006, this case was removed to this Court pursuant to 28 U.S.C. § 1446 from the Circuit Court of St. Louis City, Missouri on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

5.  This Court specifically retained jurisdiction through its September 14, 2007 Order on Plaintiff's Motion to Remand.

## III.
## Facts

6.  On or about March 23, 2003, the accident complained of herein occurred on Interstate 44 in Webster County, Missouri.

7.  Plaintiff Huggins was a passenger in a tractor-trailer driven and operated by Esteban Gutierrez ("Gutierrez").

8.  Upon information and belief, at the time of said accident, Defendant FedEx was the owner of the tractor and trailer driven by Gutierrez.

9.  At the time of the collision, Gutierrez was traveling west on Interstate 44 behind a tractor-trailer being driven by Tony Johnston ("Johnston").

10. Upon information and belief, at the time of said collision, Teton Transportation, Inc. was the owner of the tractor and trailer driven by Johnston.

11. At the time of said collision, Johnston suddenly slowed his tractor-trailer because a maintenance truck, owned and operated by Defendant Swanston, pulled out from the left shoulder into Johnston's lane of travel.

12. Gutierrez's tractor-trailer then violently rear-ended Johnston's tractor-trailer, resulting in serious injuries to Plaintiff.

IV.
## Causes of Action

13. Gutierrez was careless, reckless, negligent, failed to drive in a careful and prudent manner, and failed to exercise the highest degree of care at the time and place of the collision in the following respects, to-wit:

    a. Negligently and carelessly operating the tractor-trailer at a rate of speed which was high, dangerous and excessive under the conditions then and there existing;

    b. Failing to maintain a proper lookout and failing to pay proper attention to the operation or progress of the tractor-trailer operated by Johnston and the Swanston truck driver;

    c. Failing to take proper evasive action and failing to swerve, immediately slacken speed, sound his horn, or take other precautions to avoid colliding with the tractor trailer driven by Johnston;

    d. Failing to take other measures to prevent the collision when Gutierrez knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision if he followed another tractor-trailer too closely.

14. The driver of the Swanston maintenance truck was careless, reckless, negligent, failed to drive in a careful and prudent manner, and failed to exercise the highest degree of care at the time and place of the collision in the following respects, to-wit:

    a. Failing to yield to traffic on the highway;

    b. Failing to maintain a proper lookout;

    c. Failing to follow the rules of the road, in violation of § 304.015.5(1) of the Missouri Revised Statutes, by moving from the shoulder onto the highway, without first ascertaining the movement could be made safely. Plaintiff is a member of the class of persons intended to be protected by Missouri Revised Statutes §§ 304.015.5(1).

15. Each and all of the above and foregoing acts and omissions constitute negligence or negligence *per se* which proximately caused the collision in question.

16. Upon information and belief, Gutierrez was an employee/agent/servant of Defendant FedEx. Further, Gutierrez was acting in the course and scope of his agency/employment with FedEx. As such, FedEx, is vicariously liable for the negligence of Gutierrez.

17. Upon information and belief, the driver of the maintenance vehicle owned by Defendant Swanston was an employee/agent/servant of Swanston at the time of the accident. Further, the driver of the maintenance vehicle was acting in the course and scope of his agency/employment with Swanston at the time of the accident. As such Swanston is vicariously liable for the negligence of its driver.

## V.
## Damages

18. As a direct and proximate result of the foregoing acts of negligence, Plaintiff suffered multiple, severe physical injuries to his back, knees, and body as a whole, for which he seeks recovery.

19. As a direct and proximate result of Defendants' negligence and Plaintiff's subsequent injuries, Plaintiff has suffered the following items of damage:

    a. Plaintiff has become liable for medical and hospital bills for treatment of the injuries caused by the Defendants;

    b. Plaintiff will become liable for future medical bills and continuing treatment and rehabilitation of those injuries;

    c. Plaintiff has suffered pain and suffering from the injuries and will have pain and suffering in the future; Plaintiff sustained permanent injuries and disfigurement, including scarring, and will be limited in his common pursuit and his enjoyment of life; and

  d.  Prior to said injuries, Plaintiff was an able-bodied man capable of performing work and labor. As a direct result of his injuries, he has and in the future will suffer loss of wages, earnings, salaries and profits and has, and in the future will, suffer a severely impaired and diminished capacity for work, labor and pleasure.

## VI.
## Jury Demand

20. Plaintiff hereby demands a trial by jury.

## VII.
## Prayer

WHEREFORE, Plaintiff Walter Huggins prays for a judgment and pre-judgment interest against Defendants FedEx Ground Package System, Inc. and Swanston Equipment Company in a sum the Court deems fair and reasonable in excess of $25,000.00 together with his costs expended herein.

        Respectfully submitted,

        */s/ Kelly J. Curnutt*
        Kelly J. Curnutt
        CURNUTT & HAFER, L.L.P.
        Texas Bar No. 00787316
        101 East Park Row
        Arlington, Texas 76010
        Telephone - (817) 548-1000
        Facsimile - (817) 548-1070
        Email: kcurnutt@curnutthafer.com
        Lead Counsel for Plaintiff
        *Pro Hac Vice*

        and

>Michelle M. Funkenbusch
>PULOS, BLANKENSHIP & JIANAKOPLOS, P.C.
>Missouri Bar No. 48603
>9800 Watson Road
>St. Louis, Missouri 63126
>Telephone - (314) 965-3900
>Facsimile - (314) 965-6167
>Email:  michelle@pbj-law.com
>Local Counsel for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was delivered electronically to Defendant's counsel of record this 15th day of March, 2010 as follows:

John S. McCollough
HEPLER, BROOM, MacDONALD, HEBRANK, TRUE & NOCE, LLC
800 Market Street
Suite 2300
St. Louis, MO 63101
Lead Counsel for FedEx Ground Package System, Inc.

>*/s/ Kelly J. Curnutt*
>Kelly J. Curnutt