IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER HUGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 4:06-cv01283SNLJ |
| | ) | |
| v. | ) | |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, | ) | JURY TRIAL DEMANDED |
| INC., and SWANSTON EQUIPMENT | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**FEDEX GROUND PACKAGE SYSTEM, INC.'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant FedEx Ground Package System, Inc., for its Answer to Plaintiff's First Amended Complaint, states as follows:

**I.
Parties**

1.     Defendant admits the allegations contained in paragraph 1 of Plaintiff's Amended Complaint.

2.     Defendant admits the allegations contained in paragraph 2 of Plaintiff's Amended Complaint.

3.     Paragraph 3 is not directed to this Defendant; therefore Defendant provides no answer.  To the extent it may be construed against this Defendant, Defendant denies the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint.

## II.
## Jurisdiction and Venue

4. Defendant admits the allegations contained in paragraph 4 of Plaintiff's Amended Complaint.

5. Defendant admits the allegations contained in paragraph 5 of Plaintiff's Amended Complaint.

## III.
## Facts

6. Defendant admits the allegations contained in paragraph 6 of Plaintiff's Amended Complaint.

7. Defendant admits that Huggins and Esteban Gutierrez were co-drivers of a tractor-trailer, and at the time of the accident Gutierrez was driving.

8. Defendant admits it owned the trailer being hauled by Gutierrez and Huggins; Defendant denies all other allegations contained in paragraph 8 of Plaintiff's Amended Complaint.

9. Defendant admits the allegations contained in paragraph 9 of Plaintiff's Amended Complaint.

10. Paragraph 10 is not directed to this Defendant; therefore Defendant provides no answer. To the extent it may be construed against this Defendant, Defendant denies the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.

11. Defendant admits that at the time of the alleged collision Johnson slammed on the brakes of his tractor-trailer in an emergency fashion because a maintenance truck owned and operated by Defendant Swanston pulled out from the left shoulder into the lane of travel.

12. Defendant denies the allegations contained in paragraph 12 of Plaintiff's Amended Complaint.

## IV.
## Causes of Action

13. Defendant denies all allegations contained in paragraph 13 of Plaintiff's Amended Complaint, including subparagraphs a – d.

14. Paragraph 14 is not directed to this Defendant; therefore Defendant provides no answer. To the extent it may be construed against this Defendant, Defendant denies the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint.

15. Defendant denies the allegations contained in paragraph 15 of Plaintiff's Amended Complaint.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiff's Amended Complaint.

17. Paragraph 17 is not directed to this Defendant; therefore Defendant provides no answer. To the extent it may be construed against this Defendant, Defendant denies the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiff's Amended Complaint.

19. Defendant denies all allegations contained in paragraph 19 of Plaintiff's Amended Complaint, including subparagraphs a – d.

## VI.
## Jury Demand

20. Paragraph 20 is a demand for jury trial; thus no answer is required.

### VII.   AFFIRMATIVE DEFENSES

21. For further answer, and for its first affirmative defense, Defendant FedEx Ground Package System, Inc. states that pursuant to Texas Workers' Compensation Act, it is immune from suit because Plaintiff and Gutierrez were co-employees of Bradford Leasing.

22. For further answer, and for its second affirmative defense, Defendant FedEx Ground Package System, Inc. states that Plaintiff failed to mitigate his damages in the following respects:

    A. He failed to use the restraint system in place in the sleeper berth;

    B. Plaintiff has failed to return to the workforce; and,

    C. Plaintiff obtained unnecessary and unreasonable medical treatment.

23. This Defendant reserves the right to amend its Affirmative Defenses as additional facts become known or as necessary in light of allegations, claims and changes or modifications in the law.

WHEREFORE, Defendant FedEx Ground Package System, Inc., respectfully requests this Court grant judgment in its favor, and for any further relief this court deems just and proper.

Respectfully submitted,

HEPLERBROOM LLC
*By: /s/ John S. McCollough*
JOHN S. McCOLLOUGH, #12607
JSM@heplerbroom.com
MELISSA R. NULL, #514581
MN1@heplerbroom.com
800 Market Street, Suite 2300
St. Louis, MO  63101
314-241-6160
314-241-6116 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on 14 May 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to the following:

Kelly J. Curnutt
Curnutt & Hafer
101 East Park Row Drive
Arlington, TX 76010

Michelle Funkenbusch
Pulos, Blankenship & Jianakoplos
9800 Watson Road
St. Louis, MO 63126

Jack Enright
Hahn, Enright & Hansen
701 Market Street, Ste. 450
St. Louis, MO 63101

*By: /s/ John S. McCollough*