UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER HUGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV01283 SNLJ |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This case is before the Court on "Plaintiff's Omnibus Motion in Limine," #223, which has been fully briefed by the parties and argued informally to the Court at a conference on Tuesday, October 26, 2010.

Of the 18 numbered points in the motion, numbers 5, 7, 9, 12, 13, 14, 15, 16, and 18 are uncontested by defendants, and the motion is granted in those respects.

Point 1 seeks to exclude "Any comment, evidence, or testimony concerning Plaintiff's alleged non-use of a sleeper-berth restraint, if any." Plaintiff argues that such evidence "is inadmissible in a negligence case as a matter of Missouri substantive law" in that "there is no legal duty -- either statutory or otherwise -- for an occupant of a sleeper berth to engage a safety restraint." This Court disagrees. The evidence is admissible as a matter of comparative fault to the extent that the failure to use the restraint constituted an unreasonable failure to avoid an injury or to mitigate damages. See Unif. Comparative Fault Act sec. 1 (b). Point 1 is denied.

Point 2 seeks to exclude "Evidence or testimony concerning any collateral sources received by or available to Plaintiff, including references to Plaintiff's counsel in medical records." Under the collateral source rule, of course, a wrongdoer is not entitled to have the

damages for which he is liable reduced by proving that the plaintiff has received or will receive compensation from a collateral source. The principal collateral source at issue appears to be workers compensation insurance proceeds, and the focus of the parties' argument is the relationship and correspondence between the treating physician/expert witness Dr. Smith and the workers compensation carrier.  Defendant FedEx maintains that the matter of workers compensation insurance is admissible on the issue of Dr. Smith's credibility, bias and motivation for testifying in favor of plaintiff.  Although it is correct that collateral source evidence does not require exclusion if it is relevant and material for other purposes, and for impeachment purposes in particular, this Court finds that the probative value of the correspondence between Dr. Smith and the workers comp carrier is far exceeded by the prejudicial effect.  After all, as the treating physician, Dr. Smith already would be subject to the inference that he is biased and motivated in favor of his own patient, and the introduction of the workers compensation evidence would do little to prove the point further.  Point 2, therefore, is granted, in this limited respect, but with the proviso that this Court is withholding its ruling to the extent that  plaintiff might open the door in other ways to collateral source evidence.

Point 3 is taken under advisement pending the submission of additional briefing as per this Court order of November 3, 2010, #252.

Point 4 seeks to exclude "Evidence or testimony concerning any medical conditions or injuries unrelated to the physical injuries at issue in this case."  Defendants contend that plaintiff suffered from prior injuries or pre-existing conditions that are in fact related to the physical injuries at issue and thus are admissible both on the issue of causation and damages.  At this time, however, the Court is unable to discern just how those prior injuries or pre-existing

conditions are related to the physical injuries at issue here, but the point is granted to the extent that unrelated prior injuries or pre-existing conditions are disallowed.

Point 6 seeks to exclude "Arguments, evidence, or testimony that non-economic damages should be reduced to present value."  This proposition is contrary to Missouri law which has long recognized that argument on the issue of present value is proper and can be made without the aid of expert testimony.  See, e.g., Klotz v. St. Anthony's Med. Ctr., 311 S.W.3d 752,762 (Mo. banc 2010).  The point is denied.

Point 8 seeks to exclude "Reference(s) to witness not called at trial."  Defendants, however, have a right to argue an adverse inference when plaintiff fails to call a witness who presumably would give testimony to plaintiff's benefit and who is not equally available to the defendants.  See Boardman v. Nat'l Med. Enters., 106 F.3d 840, 843-44 (8th Cir. 1997).   But except to that extent, the point is granted.

Point 10 seeks to exclude "References or arguments averring that Plaintiff is required to "convince" the jury."  This point is denied for the reason that plaintiff does indeed bear the burden of proof on each and every one of his allegations against defendants.

Point 11 seeks to exclude "Declarations of sympathy for Plaintiff."  This point is counterintuitive, if not inexplicable, because plaintiff's counsel ordinarily would be the one to make a declaration of sympathy for plaintiff.  But in any event, defense counsel have represented to the Court that they do not intend to make a declaration of sympathy for plaintiff.  Given that representation, the point will be granted.

Point 17 seeks to exclude "Any evidence or reference to disciplinary proceedings."  This point pertains to a public reprimand issued against Dr. Smith on September 4, 2008, by the

Medical Board of California for knowingly making and signing a "Supplemental Report" that contained false statements and for failure to maintain accurate and adequate medical records concerning two patients.  Both patients were plaintiffs in ongoing lawsuits, and Dr. Smith provided testimony in support of both patients' claims.  Defendants maintain that this evidence bears on Dr. Smith's credibility.  Plaintiff responds that the incident was "apparently a record-keeping error that occurred more than ten years ago, that "there is no allegation or evidence of anything like that occurring in this case,"  and that defendants have endorsed no witnesses "to provide the expert testimony necessary for the lay juror to understand the significance (or insignificance) of this type of reprimand," and that "any probative value of this evidence is greatly outweighed by the danger of unfair prejudice and potential confusion of the jury."  This Court agrees in general with plaintiff's contentions, and the point is granted, but it is a close case, and the parties are advised that the Court will revisit the matter at the pretrial conference and allow the parties to supplement their arguments at that time.

Accordingly, it is hereby ordered that plaintiff's Omnibus Motion in Limine, #223, is granted in part and denied in part as set out above.

**SO ORDERED** this 10th day of November, 2010.


STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE